JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS<br>Sarah Allem | DEFENDANTS<br>Jag Footwear Accessories and Retail Corporation t/a Nine West |
|---|---|
| (b) County of Residence of First Listed Plaintiff  Dauphin<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant  Dauphin<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| (c) Attorneys *(Firm Name, Address, and Telephone Number)*<br>Dion & Goldberger<br>Samuel A. Dion, Esq., 1845 Walnut Street, Suite 1199<br>Philadelphia, PA 19103  215-546-6033 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Med. Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☒ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition)<br>☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district *(specify)*  ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Title VII and Pregnancy Discrimination Act
Brief description of cause:
Wrongful termination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*  JUDGE _____  DOCKET NUMBER _____

DATE: 09/25/2014

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| SARAH ALLEM | : | |
| | : | No. |
| VS. | : | |
| | : | **JURY TRIAL DEMANDED** |
| JAG FOOTWEAR ACCESSORIES AND RETAIL CORPORATION t/a NINE WEST | : | |

---

CIVIL ACTION COMPLAINT

COMES NOW, Plaintiff, by counsel, and complains of defendant as follows:

JURISDICTION

1. This Court has jurisdiction over this matter pursuant to the 42 U.S.C. Section 2000(e) et seq. of the Civil Rights Act of 1964 as amended and the Pregnancy Discrimination Act. This Complaint has been filed within 90 days of the receipt by plaintiff of the Notice of Right to Sue by the EEOC which was first received by plaintiff on July 25, 2014 by fax to her attorney's office. (See Exhibit "A" hereto).

PARTIES

2. Plaintiff, Sarah Allem, is a person of Female gender who resides at 1834 Gramercy Place, Hummelstown, PA 17036.

3. Defendant, Jag Footwear Accessories and Retail

Corporation t/a Nine West, is a corporation which operates a chain of shoe stores, and which has a place of business located at Outlet Mall, 114 Outlet Square, Hershey, PA 17033. Defendant employs more than 20 people.

4. Plaintiff was hired as an Assistant Manager of defendant's Store Number 2593 on June 6, 2012. She was not pregnant at the time she was hired.

5. Plaintiff's supervisors included the District Manager, Michelle Hallman and Store 2593 Manager, Carrie (both female).

6. On April 29, 2013, plaintiff first informed Ms. Hallman that she was pregnant.

7. On May 7, 2013, plaintiff was terminated by Ms. Hallman for purportedly disclosing a confidential investigation of Carrie's employee discount practices to Carrie.

8. The proffered reason for plaintiff's termination was false and was pretext to mask the true discriminatory reason for her termination. In fact, it was plaintiff's own report of Carrie's suspicious practices that led to the confidential investigation of Carrie in the first place.

9. The true reason for plaintiff's termination was because she was pregnant.

10. Defendant's agents, including Ms. Hallman, acted against plaintiff in a bigoted, willful and malicious manner because she was pregnant.

11. Defendant and its agents acted at all times material

hereto with their authority to hire, fire and discipline.

12. Defendant and its agents undertook a course of conduct toward plaintiff and terminated plaintiff because she was a female and was pregnant.

13. Plaintiff was subjected to humiliation, embarrassment, and mental anguish as a consequence of the discrimination and termination that she endured.

14. Defendant unlawfully discriminated against plaintiff and terminated her employment in violation of the law. Plaintiff thus seeks damages, including but not limited to, lost pay, lost benefits, compensatory damages for pain and suffering, punitive damages, attorneys fees and costs.

COUNT 1- Pregnancy Discrimination- Title VII

15. Plaintiff repeats paragraphs 1-14 as if more fully set forth herein.

16. By and through its conduct, Defendant violated Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. Section 2000e, et seq. and the Pregnancy Discrimination Act, by intentionally discriminating against plaintiff by terminating her employment in substantial part because she is a woman and was pregnant.

COUNT 2- Pregnancy Discrimination- PHRA

17. Plaintiff repeats paragraphs 1-16 as if more fully set forth herein.

18. Plaintiff can proceed with a lawsuit pursuant to the Pennsylvania Human relations Act, 43 P.S. 951-963 ("PHRA"). because over one year has passed since her complaint was first filed with the Pennsylvania Human Relations Commission.

19. By and through its conduct, Defendant violated the PHRA, by intentionally discriminating against plaintiff by terminating her employment in substantial part because she is a woman and was pregnant.

20. Pursuant to the PHRA, plaintiff is entitled to recover actual damages including lost pay, lost benefits, compensatory damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment life, and other non pecuniary losses, reasonable attorneys fees and court costs.

WHEREFORE, plaintiff demands that judgment be entered in her favor on Counts 1 and 2 against defendant for lost pay, lost bonuses, lost benefits, other financial losses, liquidated damages, compensatory damages for emotional pain and suffering, punitive damages, attorneys fees, costs, interest, reinstatement of employment and any other relief that this Honorable Court deems to be fair and proper.

/s/ Samuel A. Dion
_____

Samuel A. Dion, Esq.
Signature Code: SAD2282
Dion & Goldberger
1845 Walnut Street
Suite 1199
Philadelphia, PA 19103
215-546-6033 (tel)
215-546-6269 (fax)
samueldion@aol.com

/s/ Richard B. Bateman, Jr.
_____

Richard B. Bateman, Jr., Esq.
12 Veterans Square
Media, PA 19063
(610) 566-3322
Fax: (610) 548-9986
Email: batemanlaw@aol.com

Attorneys for Plaintiff

# EXHIBIT A

Case 3:02-cv-06880-YK Document 1048 Filed 09/29/14 Page 7 of 9

EECC Form 161-B (10/96)     U.S. Equal Employment Opportunity Commission

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Sarah Allem
1834 Gramercy Place
Hummelstown, PA 17036

From: Equal Employment Opportunity Commission
Philadelphia District Office
801 Market Street, PH Suite 1300
Philadelphia, PA 19107-3127

[  ]  *On behalf of person(s) aggrieved whose identity is* CONFIDENTIAL *(29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2013-02534 | Legal Unit | (215) 440-2828 |

(See also the additional information attached to this form.)

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ X ]  More than 180 days have passed since the filing of this charge.

[   ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ X ]  The EEOC is terminating its processing of this charge.

[   ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[   ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[   ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*        3/13/14

Spencer H. Lewis, Jr.  District Director       (Date Mailed)

Enclosure(s)

cc: NINE WEST
Samuel A Dion, Esq. (for Charging Party)
Carrie Dudley, Site Manager  (for Respondent)

07/25/2014 10:24 FAX 2154402606     EEOC-Philadelphia Office     ☑ 0001/0002
Case 3:02-cv-06880-YK Document 048  Filed 09/29/14  Page 9 of 9
Jul. 18. 2014 11:03AM     No. 5254   P. 2

# DION & GOLDBERGER
### ATTORNEYS AT LAW

Samuel A. Dion
*Member of PA and NJ Bar*

Benson I. Goldberger
*Member of PA Bar*

1845 Walnut Street
Suite 1199
Philadelphia, PA 19103

(215) 546-6033
Toll Free (800) 346-6726
Fax (215) 546-6269
Website www.dionandgoldberger.com

July 17, 2014

## –URGENT MATTER– REQUESTS FOR RIGHT TO SUE–

EEOC
Penthouse-- Suite 1300
801 Market Street
Philadelphia, PA 19107

Attn: Joan Gmitter

Re:    <u>Sarah Allem v. Jag Footwear</u>
       530-2013-02534

Dear Ms. Gmitter:

Can you please expedite the above-referenced Right to Sue Letter. It looks like the case is ready to go. Thank you for your anticipated cooperation with this matter.

Very truly yours,

SAMUEL A. DION

ENCLOSURE
<u>**VIA FAX (215-440-2604)**</u>